# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A. A MINOR BY AND THROUGH HIS GUARDIAN AD LITEM, JOSEPH ETIENNE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BEARDSLEY SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No.: 1:16-cv-01234 DAD JLT <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE |

  After verifying that no defendant had answered this action, the Court ordered the plaintiff to show cause why sanctions should not be imposed for the failure to prosecute the action. (Doc. 4) in the same order, the Court ordered the defendants to show cause why sanctions should not be imposed for their failure to respond to the complaint or to respond to the complaint. Id.

  Plaintiff explained that there had been discussions with counsel about remanding the matter to state court which was why the plaintiff had not sought default. (Doc. 5) In addition, all of the defendants, except Ms. Hooker, have now answered. (Doc. 9) As to Ms. Hooker, an attorney she consulted notified the Court that she has declared bankruptcy and would not be responding to the complaint. (Doc. 8) The Court has confirmed that Ms. Hooker has, indeed, filed a bankruptcy action.[1]

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th

1

Therefore, the Court **ORDERS**:

1. The order to show cause (Doc. 4) is **DISCHARGED**:

2. The action is **STAYED** as to Vanessa Jean Hooker <u>only</u> based upon the automatic stay imposed by the filing of the bankruptcy action.

IT IS SO ORDERED.

Dated: **November 28, 2016**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE

---

Cir. 1993). The record of the United States Bankruptcy Court for the Eastern District of California is a source whose accuracy cannot reasonably be questioned.  Therefore, the Court takes judicial notice of the fact of Ms. Hooker's filing of the bankruptcy action. <u>Mullis v. United States Bank. Ct.</u>, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); <u>Valerio v. Boise Cascade Corp</u>., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); <u>see also</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989); <u>Rodic v. Thistledown Racing Club, Inc.</u>, 615 F.2d 736, 738 (6th. Cir. 1980).