UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A., a minor, by and through his guardian ad litem Joseph Etienne; and C.T.P., a minor, by and through his guardian ad litem Joseph Etienne,<br><br>Plaintiff,<br><br>v.<br><br>BEARDSLEY SCHOOL DISTRICT; PAUL E. MILLER; DAVID HILTON; VANESSA JEAN HOOKER; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 1:16-cv-01234-DAD-JLT<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND, BUT NONETHELESS REMANDING THE CASE TO THE KERN COUNTY SUPERIOR COURT<br><br>(Doc. No. 6.) |

This action is before the court on plaintiffs' unopposed motion to remand filed on November 16, 2016. (Doc. No. 6.) Pursuant to Local Rule 230(g), the court found this motion appropriate for decision without oral argument. For the reasons stated below, plaintiffs' motion to remand will be denied, and this action will be remanded to state court.

FACTUAL BACKGROUND

On June 15, 2016, plaintiffs J.A. and C.T.P., minors appearing by and through their guardian ad litem Joseph Etienne, commenced this action in Kern County Superior Court against defendants Vanessa Jean Hooker, Beardsley School District ("BSD"), Paul E. Miller, and David Hilton. (Doc. No. 1-1 at 1.) In the original complaint, plaintiffs asserted claims under 42 U.S.C.

1

1  § 1983 for violation of their constitutional rights; a claim under 20 U.S.C. § 1681(a) for
2  discrimination on the basis of sex; and a number of state law claims.  (Doc. No. 1-1.)
3        In their original complaint plaintiffs alleged the following.  Defendant BSD is a school
4  district that operates Beardsley Junior High School ("BJHS").  (*Id.* at 12, ¶ 57.)  Between 2008
5  and 2015, defendant Miller was Superintendent of BSD, defendant Hilton was a BJHS Principal,
6  and defendant Hooker was a BJHS eighth grade teacher.  (*Id.* at 4–5, ¶¶ 11–12, 19.)  Plaintiffs
7  J.A. and C.T.P. are minor males who were students at BJHS, with the former enrolled between
8  2008 and 2013, and the latter enrolled between 2010 and 2013.  (*Id.* at 4–5, ¶¶ 11–12.).
9  Defendant Hooker taught eighth grade science to plaintiffs, and supervised them during after-
10 school activities authorized by BSD.  (*Id.* at 5, ¶ 16.)
11       Defendant Hooker engaged in unlawful sexual harassment with plaintiffs during and after
12 their enrollment at BJHS.  (*Id.* at 6, ¶ 30.)  Prior to June 2015, defendant Hooker began grooming
13 plaintiffs for sexual interaction.  (*Id.* at 5, ¶ 17–18.)  Between June and December of 2015,
14 defendant Hooker began sending messages to plaintiffs through social media websites in which
15 she made sexually explicit comments and stated that she had previously engaged in sexual
16 conduct with other minor students at BJHS.  (*Id.* at 5, ¶ 19.)  Defendant Hooker also sexually
17 assaulted plaintiff J.A. inside her BJHS classroom in November of 2015.  (*Id.* at 5, ¶¶ 20–22.)
18       Defendants Miller and Hilton were aware of defendant Hooker's history of sexual
19 misconduct and harassment, but concealed her behavior from law enforcement authorities.  (Doc.
20 No. 7–9, ¶¶ 38–42.)  As a result of defendants' conduct, plaintiffs suffered physical and
21 emotional injuries.  (*Id.* at 19, ¶ 92.)
22                             PROCEDURAL BACKGROUND
23       On August 19, 2016, defendants filed a notice of removal on the basis of federal question
24 jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).  (Doc. No. 1.)  Therein, defendants
25 asserted that removal was proper because plaintiffs' complaint asserted federal causes of action
26 under 20 U.S.C. § 1681 and 42 U.S.C. § 1983.  (*Id.* at 2, ¶ 4.)
27 /////
28 /////

On September 23, 2016, plaintiffs filed a First Amended Complaint ("FAC") that asserted only California state law claims.[1]  (Doc. No. 3.)  Plaintiffs then filed a motion to remand the suit to Kern County Superior Court on November 16, 2016, based on a lack of federal subject matter jurisdiction.  (Doc. No. 6.)  Defendants filed a notice of non-opposition to plaintiffs' motion to remand on December 12, 2016.  (Doc. No. 11.)

Defendants had filed an answer to plaintiffs' FAC on November 18, 2016.  (Doc. No. 9.)  On November 28, 2016, the court issued an automatic stay of the action against defendant Hooker based on her filing of a bankruptcy action.  (Doc. No. 10.)

## LEGAL STANDARDS

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court.  28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction.  *City of Chicago*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Removal jurisdiction is based entirely on federal statutory authority.  *See* 28 U.S.C. § 1441 et seq.  These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to state court if there are doubts as to the right of removal.  *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction.  *See Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67.

---

[1] In their FAC, plaintiffs present three claims against all defendants, alleging (i) violations of California Education Code § 220; (ii) negligent infliction of emotional distress; and (iii) negligence.  (*Id.* at 12–13, 22–23, ¶¶ 55–63, 104–110.)  Plaintiffs also bring two claims against defendants Beardsley, Miller, Hilton, and Does 1–100, alleging: (i) violation of California Government Code § 815.6; and (ii) negligent hiring, supervision, & retention.  (*Id.* at 12–16, 18–22, ¶¶ 64–75, 85–103.)  Finally, plaintiffs bring three causes of action solely against defendant Hooker, asserting violations of (i) California Civil Code § 51.9; (ii) California Civil Code § 52.1, also known as the California Bane Act; and (iii) California Civil Code § 1708.5.  (*Id.* at 6–10, 10–12, 17–19, ¶¶ 33–45, 46–54, 79–84.)

ANALYSIS

I.     **Plaintiffs' motion to remand**

Plaintiffs move to remand this action on grounds that their FAC does not contain any federal claims, and that the court therefore lacks subject matter jurisdiction over the action. (Doc. No. 6 at 3.)

An action is removable on the basis of federal question jurisdiction if it contains a claim "arising under" federal law. *Moore-Thomas v. Alaska Airlines*, 553 F.3d 1241, 1243 (9th Cir. 2009); *see also* 28 U.S.C. § 1331 (conferring federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."). "In scrutinizing a complaint in search of a federal question, a court applies the well-pleaded complaint rule." *Ansley v. Ameriquest Mort. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). Under this rule, a claim arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Moore-Thomas*, 553 F.3d at 1243 (citing *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005)). An action thus "arises under" federal law pursuant to § 1331 if it presents a cause of action that (i) is created by federal law, or (ii) necessarily requires resolution of a substantial question of federal law. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012). However, and most importantly in this case, the propriety of removal jurisdiction is determined at the time of removal, and subsequent dismissal of federal claims will not divest the court of jurisdiction. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990).

Here, defendants removed this action based on the claims contained in their original complaint. (Doc. No. 1 at 2.) Because the complaint in effect at the time of defendants' removal contained federal claims under 20 U.S.C. § 1681 and 42 U.S.C. § 1983, this court has subject matter jurisdiction over the action. *See Green v. Alliance Title*, No. CIV S–10–0242 MCE EFB PS, 2010 WL 5059710, at *2 (E.D. Cal. Dec. 3, 2010) ("If a claim 'arising under' federal law existed at the time of removal, the federal court has jurisdiction even though the federal claim has been dropped from the case."). "[P]laintiffs may not compel remand by amending a complaint to

4

eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) (overturned on other grounds); *see also Moyles v. Johnson Controls, Inc.*, No. Civ. S-05885 FCD KJM, 2005 WL 1561519, at *3 (E.D. Cal. June 29, 2005). Accordingly, plaintiffs' motion to remand must be denied.

**II.     Supplemental Jurisdiction**

Nonetheless, once all federal claims are eliminated from an action, federal courts have discretion to either remand the action to state court or to exercise supplemental jurisdiction over the remaining pendent state law claims. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). Here, however, plaintiffs filed their FAC eliminating federal claims from the action long after the deadline under Federal Civil Procedure Rule 15 for amending of the complaint as of right had expired. *See* Fed. R. Civ. P. 15(a)(1). In order to exercise its discretion and determine whether remand of the action to state court is appropriate, this court must therefore consider two issues: (i) whether plaintiffs should be granted leave to amend their complaint; and, in the event leave to amend is granted, (ii) whether the court should exercise its discretion to remand the action to state court.

A. The First Amended Complaint

Under Rule 15(a), a party may amend their complaint "as a matter of course" only if they do so within twenty one days of serving the original complaint, or twenty one days after serving a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). After this initial deadline has lapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dailysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Here, plaintiffs filed their original complaint in this action on June 15, 2016. (Doc. No. 1.) Plaintiffs' FAC, filed September 23, 2016 (Doc. No. 3), occurred well beyond the applicable deadline for amendment. *See Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) ("[A]fter removal, the federal court takes the case up where the State court left it

off.") (brackets and internal quotation marks omitted); *Butner v. Neustadter*, 324 F.2d 783, 785 n.7 (9th Cir. 1963) ("[W]hen a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court.") (internal quotation marks omitted); Wright & Miller, Federal Practice and Procedure § 3738 (3d ed. 1998) (same). Plaintiffs were thus required to seek leave from the court before filing an amended complaint, but failed to do so. *See* Fed. R. Civ. P. 15(a)(2).

Notwithstanding this deficiency, the court nonetheless finds that the balance of factors weighs in favor of granting plaintiffs leave to amend. Defendants have not objected to plaintiffs' amended complaint, and filed an answer to the FAC on November 18, 2016 (Doc. No. 9). *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."). There is also no evidence before the court that plaintiffs included federal claims in this action solely to "put defendants through the removal-remand procedure." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490–91 (9th Cir. 1995) (stating that "[a] plaintiff is entitled to file both state and federal causes of action in state court" then "dismiss [claims] with leave of the court" upon removal, and that this practice is not manipulative unless there is evidence that the inclusion of federal claims was to put the defendants through the process of removal and remand). Finally, futility of amendment is inapplicable here because plaintiffs seek to amend their complaint to eliminate claims for relief rather than to add or clarify an existing claim. Accordingly, based on the considerations addressed above, leave to amend will be granted, and plaintiffs' FAC will be deemed the operative complaint in this action. *See Batterham v. Mono County Law Enforcement*, No. CIV S–11–1118 GEB EFB PS, 2012 WL 94539, at *2 (E.D. Cal. Jan. 11, 2012) (addressing a plaintiff's untimely amended complaint, granting leave to amend based on the absence of bad faith on the part of plaintiff, and deeming plaintiff's amended complaint to be the operative complaint); *Burnham v. United States*, No. CV–07–8017–PCT–DGC, 2008 WL 477874, at *2 (D. Ariz. Feb. 19, 2008) (same).

/////

/////

B.  Supplemental Jurisdiction

Having found that plaintiffs' FAC is the operative complaint in this action, the court will consider whether remand is appropriate given the elimination of all federal claims forming the basis of the removal of the action to this federal court.

A district court has discretion as to whether it will exercise supplemental jurisdiction over a claim when all claims over which it has original jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 940 (9th Cir. 2012).  In particular, a federal court has discretion to remand remaining state-law claims to state court to best accommodate values of economy, convenience, fairness, and comity.  *See Harrell*, 934 F.2d at 205 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)) (discussing district court's discretion to remand state-law claims).  Of course, "primary responsibility for developing and applying state law rests with the state courts." *Curiel v. Barclays Capital Real Estate Inc.*, Civ. No. S–09–3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citing *Cohill*, 484 U.S. at 349).

Here, plaintiffs' FAC contains only state law claims, and the court has yet to adjudicate any of plaintiffs' claims on the merits.  Defendants have also filed a statement of non-opposition to plaintiffs' motion to remand, (Doc. No. 11), and have not otherwise voiced objection to the remanding of the action.  The court thus concludes that the factors of judicial economy, convenience, fairness, and comity, support remand of this action to the state court.  *See Green*, 2010 WL 5059710, at *3 (declining to exercise supplemental jurisdiction over state law claims remaining after the dismissal of federal law claims that formed the basis for removal); *Camacho v. Windsor Capital Mortg. Corp.*, 2010 WL 2926467, at *1 (S.D. Cal. July 23, 2010) (same); *cf. Wade v. Premera Blue Cross*, No. CV–10–217–RMP, 2011 WL 3812654, at * (E.D. Wash. Aug.

29, 2011) (retaining jurisdiction on grounds of fairness after emphasizing that the plaintiff's amended complaint eliminating federal causes of action was untimely, and that a motion for summary judgment in the action was pending). Accordingly, the court will remand this case back to Kern County Superior Court.[2] *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For all of the reasons set forth above:

1. Plaintiffs' motion to remand, (Doc. No. 6), is denied;
2. Plaintiffs' first amended complaint, (Doc. No. 3), is deemed the operative complaint in this action; and
3. This action is remanded *sua sponte* to Kern County Superior Court.

IT IS SO ORDERED.

Dated: **December 22, 2016**

UNITED STATES DISTRICT JUDGE

---

[2] As noted above, this court issued an automatic stay of this action as to defendant Hooker based on her filing of a bankruptcy action. (Doc. No. 10); *see generally* 11 U.S.C. § 362(a) (providing that the filing of a petition for bankruptcy operates as a stay of "the commencement or continuation" of a judicial proceeding"). However, the automatic stay issued against defendant Hooker does not preclude remand of this action back to state court, as "a remand pursuant to 28 U.S.C. § 1441 does not constitute 'commencement or continuation' of an action" barred under 11 U.S.C. § 362(a)." *Sanders v. Farina*, 67 F. Supp. 3d 727, 729 (E.D. Virginia 2014) (observing that remand "expresses no opinion as to the merits of plaintiff's claim and does not affect the substantive rights of either party.").